**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4100**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

DARRELL T. WASHINGTON, a/k/a D-Black,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Columbia.   Joseph F. Anderson, Jr., District Judge.  (3:11-cr-02064-JFA-10)

───────────

Argued:  March 18, 2014                Decided:  June 2, 2014

───────────

Before TRAXLER, Chief Judge, DUNCAN, Circuit Judge, and DAVIS, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ARGUED**: Jonathan McKey Milling, MILLING LAW FIRM, LLC, Columbia, South Carolina, for Appellant.   Jimmie Ewing, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee. **ON BRIEF**: William N. Nettles, United States Attorney, William K. Witherspoon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell Washington was convicted of various drug-related charges, including conspiracy to distribute crack and powder cocaine, and use of a firearm in furtherance of a drug-trafficking offense. The district court sentenced Washington to a total of 300 months' imprisonment, comprising a 240-month mandatory minimum sentence for the drug-conspiracy conviction and a mandatory consecutive 60-month sentence on the § 924(c) using-a-gun-in-furtherance conviction. Washington appeals, challenging his sentence but not his conviction. For the reasons set forth below, we affirm.

I.

Washington was one of ten defendants named in a 47-count indictment. Washington was charged with one count of conspiring to distribute five kilos or more of cocaine powder and 280 grams or more of crack cocaine, see 21 U.S.C. §§ 841(b)(1)(A), 846; two counts of possession with intent to distribute 28 grams or more of crack cocaine, see 21 U.S.C. § 841(b)(1)(B); two counts of being a felon in possession of a firearm, see 18 U.S.C. § 922(g)(1); one count of using a firearm in furtherance of a drug-trafficking offense, see 18 U.S.C. § 924(c)(1), and three counts of using a communications facility to facilitate a felony drug offense, see 21 U.S.C. § 843(b). According to the allegations of the indictment, the conspiracy began around the

2

summer of 2000 and continued through February 2012, the date of the indictment; the conduct underlying the various substantive counts asserted against Washington occurred on specified dates in 2009 and 2011.

While most of the defendants named in the indictment pleaded guilty, Washington proceeded to trial. In the first phase of a bifurcated proceeding, the jury convicted Washington on the conspiracy charge and on six of the eight substantive counts.[1] In the second phase, the jury determined the drug quantities involved and found the conspiracy responsible for five kilos or more of cocaine and 280 grams or more of crack cocaine.

A conspiracy involving the drug quantities found by the jury normally carries a mandatory minimum sentence of 10 years. See 21 U.S.C. § 841(b)(1)(A)(ii) & (iii). However, if the defendant violates § 841 "after a prior conviction for a felony drug offense has become final," id. (emphasis added), and the government provides the defendant with the required notice, see 21 U.S.C. § 851(a), the mandatory minimum sentence increases to 20 years, see 21 U.S.C. § 841(b)(1)(A). Washington was convicted in 2004 in South Carolina state court of possession

---

[1] The jury acquitted Washington of one possession-with-intent-to-distribute count and a related § 922(g) count involving conduct occurring on May 6, 2009.

with intent to distribute crack cocaine. The district court at sentencing determined that that conviction triggered application of the 20-year mandatory minimum sentence, and the court sentenced Washington to a total of 300 months' imprisonment. This appeal followed.

## II.

Washington challenges the district court's determination that the 20-year mandatory minimum sentence required by § 841(b)(1)(A) was triggered by Washington's 2004 conviction. Relying on the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013), which held that facts that increase a mandatory minimum sentence must be submitted to the jury, Washington argues that his Sixth Amendment rights were violated because the district court, not the jury, made the factual findings about his prior conviction necessary to increase the mandatory minimum sentence. We disagree.

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that the Sixth Amendment requires that any fact "[o]ther than the fact of a prior conviction . . . that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. In Harris v. United States, 536 U.S. 545 (2002), the Court carved out from the Apprendi rule facts that merely increase the mandatory minimum sentence for a

4

crime, concluding that the Sixth Amendment permitted judicial fact-finding that increases the mandatory minimum sentence. See id. at 567.

The Court reversed course in Alleyne, overruling Harris and holding that any fact that increases the statutory mandatory minimum sentence is an element of the offense "and must be submitted to the jury and found beyond a reasonable doubt." Alleyne, 133 S. Ct. at 2158. The Alleyne Court was careful to note, however, that it was "not revisit[ing]" the narrow exception to the general rule for the fact of a prior conviction recognized in Almendarez-Torres v. United States, 523 U.S. 224 (1998). See Alleyne, 133 S. Ct. at 2160 n.1 ("In Almendarez-Torres . . . , we recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today."). Alleyne, therefore, did not disturb that exception and does not require prior convictions to be alleged in an indictment and submitted to the jury. See United States v. McDowell, 745 F.3d 115, 124 (4th Cir. 2014) (explaining that even after Alleyne, "Almendarez-Torres remains good law, and we may not disregard it unless and until the Supreme Court holds to the contrary").

As to Washington's prior conviction, the district court was required only to determine what crime Washington was convicted

of and when he was convicted, facts that are inherent in the fact of conviction itself. See United States v. Thompson, 421 F.3d 278, 285-86 (4th Cir. 2005). The district court's fact-finding about the 2004 conviction was thus entirely consistent with the Almendarez-Torres fact-of-prior-conviction exception and did not violate Washington's Sixth Amendment rights. See United States v. Smith, 451 F.3d 209, 224 (4th Cir. 2006) (explaining that the fact-finding required by § 851 does not violate the Sixth Amendment).[2]

Determining the date and subject matter of the prior conviction, of course, does not end the matter – the district court must also determine whether Washington violated § 841 after the 2004 conviction. See 21 U.S.C. § 841(b)(1)(A) ("If any person commits such a violation [of § 841(a)] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years . . . ." (emphasis added)).

Where, as here, "a defendant is convicted of a drug conspiracy under 21 U.S.C. § 846, prior felony drug convictions that fall within the conspiracy period may be used to enhance

---

[2] Washington does not contend that the district court looked outside the Shepard-approved sources when determining the date and subject matter of Washington's 2004 conviction. See Shepard v. United States, 544 U.S. 13, 26 (2005).

6

the defendant's sentence if the conspiracy continued after his earlier convictions were final." Smith, 451 F.3d at 224-25. Determining whether the conspiracy continued on, however, does not require the district court to make factual findings about the prior conviction, but simply requires the district court to determine the scope and effect of the verdict rendered by the jury in this case.

Even if we were to accept Washington's argument that the jury should have been asked if the conspiracy continued after the date of the prior conviction, any error would be harmless beyond a reasonable doubt. Although the indictment alleged that the conspiracy began in the summer of 2000, there was no evidence showing that Washington was involved in the conspiracy before 2004 -- all of the evidence presented at trial of Washington's involvement in the charged conspiracy involved events occurring after the 2004 state-court conviction. Indeed, Washington's own statements to law enforcement officials, which were admitted at trial after the district court found that Washington breached the terms of a proffer agreement, show that Washington did not join the conspiracy until well after 2004. See Supp. J.A. 205. Because the only evidence presented to the jury involved post-2004 events, no rational jury could have convicted Washington of conspiracy but also found that the conspiracy ended before 2004. Any error was therefore harmless.

7

See, e.g., <u>United States v. Brown</u>, 202 F.3d 691, 700 (4th Cir. 2000) (failure to submit element of offense to the jury is harmless beyond a reasonable doubt "where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence" (internal quotation marks omitted)); <u>id.</u> at 701 (if omitted element is contested, error is harmless if the record does not contain evidence "that could rationally lead to a contrary finding with respect to that omitted element" (internal quotation marks omitted)).

III.

Accordingly, for the foregoing reasons, we hereby affirm Washington's sentence.

<u>AFFIRMED</u>